**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Canadian Overseas Petroleum Limited, *et al.*,[1] | Case No. 24-[ ]( ) |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDINGS, OR, IN THE ALTERNATIVE, FOREIGN NON-MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Canadian Overseas Petroleum Limited ("COPL"), in its capacity as the duly-appointed foreign representative (the "Foreign Representative") for the above-captioned debtors (collectively, the "Debtors" or the "Company"), in the proceedings (the "Canadian Proceedings") currently pending before the Court of King's Bench of Alberta in Calgary (the "Canadian Court"), initiated under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 (as amended, the "CCAA"), by and through its undersigned counsel, hereby submits this *Verified Petition for (I) Recognition of Foreign Main Proceedings, or, in the Alternative, Foreign Non-Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (this "Verified Petition") in furtherance of the Official Form 401 Petitions [Docket No. 1] (each a "Petition" and collectively with this Verified Petition, the "Chapter 15 Petition"), filed as of the date hereof (the "Petition Date") under sections 1504 and 1515 of chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), commencing these chapter 15 cases (these "Chapter 15 Cases") and seeking an order and final decree granting

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: Canadian Overseas Petroleum Limited (8749); COPL Technical Services Limited. (1656); Canadian Overseas Petroleum (Ontario) Limited (8319); Canadian Overseas Petroleum (UK) Limited (7063); Canadian Overseas Petroleum (Bermuda Holdings) Limited (N/A); Canadian Overseas Petroleum (Bermuda) Limited (N/A); COPL America Holding Inc. (1334); COPL America Inc. (9018); Atomic Oil and Gas LLC (8233); Southwestern Production Corporation (8694); and Pipeco LLC (XXXX). The location of the Debtors' headquarters and the Debtors' duly appointed foreign representative is 715 5 Avenue SW, Suite 3200, Calgary, Alberta T2P 2X6, Canada.

recognition of the Canadian Proceedings as "foreign main proceedings" or alternatively as foreign non-main proceedings, as each is defined in section 1502(4) of the Bankruptcy Code.

Contemporaneously herewith, and in support of the Chapter 15 Petition, the Foreign Representative files (a) the *Memorandum of Law in Support of the Motion of the Foreign Representative for Entry of an Order (I) Recognizing Canadian Proceeding as a Foreign Main Proceeding and (II) Granting Related Relief* (collectively, the "Recognition Memorandum"), (b) the *Declaration of Peter Kravitz in Support of the Debtors' Verified Petition for (I) Recognition of Foreign Main Proceedings, or, in the Alternative, Foreign Non-Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* ("Kravitz Declaration"),[2] and (c) *Declaration of David Rosenblat as Canadian Counsel to the Debtors in Support of the Debtors' Chapter 15 Petitions and Requests for Certain Related Relief Pursuant to Chapter 15 of the Bankruptcy Code* (the "Rosenblat Declaration").

The Foreign Representative petitions this Court as follows:

## PRELIMINARY STATEMENT

1. The Debtors are an international oil and gas exploration, development, and production company. On March 7, 2024, the Debtors' directors resolved to address the Debtors' debt loan and restructure the Debtors' overburdened businesses based on the terms of a Restructuring Support Agreement (the "RSA") entered into by and among the Debtors and certain of their secured lenders by initiating the CCAA.

2. The RSA embodies a restructuring (the "Restructuring") by which the Debtors will engage in a marketing and sale process of the business to maximize value for all stakeholders. To ensure the success of the Restructuring, the Debtors' directors appointed Peter Kravitz as chief

[2] Capitalized terms used, but not otherwise defined herein shall have the meaning given to them in the Kravitz Declaration.

restructuring officer of COPL, an authorized signatory of the Debtors, who authorized the Debtors to commence these Chapter 15 Cases under the Bankruptcy Code for recognition of the Canadian Proceedings as foreign main proceedings, or, in the alternative as foreign non-main proceedings. COPL also seeks entry of an order recognizing it as "foreign representative," as defined in section 101(24) of the Bankruptcy Code, of the Debtors in respect of the Canadian Proceedings. On the Petition Date, the Foreign Representative filed the Petitions for each of the Debtors, commencing these Chapter 15 Cases.

3. Recognition of the Canadian Proceedings is imperative to the success of the Restructuring because it is aimed at protecting the Debtors and their assets within the territorial jurisdiction of the United States from creditor and any other actions once parties learn of the Canadian Proceedings, and it will complement the moratorium imposed under CCAA within Canada. Recognition, if granted, will serve chapter 15's purpose—to allow for centralized administration of the Debtors' assets by establishing a means of coordination between the insolvency court in Canada and this Court and leveling the playing field for the Debtors, their creditors, and other interested parties in Canada and the United States. Without this Court's recognition of the Canadian Proceedings, the Debtors' operations in the United States may be jeopardized due to creditor enforcement actions, which would have a devastating effect on the Debtors and their Restructuring, resulting in diminished, if any, recoveries to the creditors of the Debtors.

4. The recognition and relief sought by the Foreign Representative in these Chapter 15 Cases will ensure that these Chapter 15 Cases and the Canadian Proceedings are conducted in a fair, efficient, uninterrupted, and centralized manner with the goal of providing utmost protections and maximizing the value of the Debtors' assets for the benefit of all stakeholders, including

creditors, preserving jobs of the Debtors' employees, and ensuring uninterrupted service to the Debtors' customers.

5. As required by section 1515(b) of the Bankruptcy Code, the Chapter 15 Petition is accompanied by a copy of the relevant Canadian Court orders commencing the Canadian Proceedings and appointing the Foreign Representative. *See* Chapter 15 Petition. In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative has also filed a disclosure and verified statement, identifying all foreign proceedings with respect to each Debtor known to the Foreign Representative. *See* Chapter 15 Petition. The Foreign Representative respectfully submits that the Chapter 15 Petition satisfies the requirements of chapter 15 of the Bankruptcy Code because the Canadian Proceedings are a "foreign proceeding" as defined in section 101(23) of the Bankruptcy Code, the Foreign Representative is a "foreign representative" as defined in section 101(24) of the Bankruptcy Code for each of the Debtors, and all other requirements for recognition have been fulfilled. Additionally, the Chapter 15 Petition satisfies the requirements in sections 1515 and 1517 of the Bankruptcy Code, mandating recognition. For these reasons, as more fully explained below, the Foreign Representative respectfully requests that the Court grant the relief requested in this Verified Petition.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012.

7. The Foreign Representative has properly commenced these Chapter 15 Cases under sections 1504, 1509, and 1515 of title 11 of the United States Code (the "Bankruptcy Code"). This is a core proceeding under 28 U.S.C. § 157(b)(2).

8. Venue for these cases is proper in this Court under 28 U.S.C. § 1410 because COPL has its principal assets in the United States—its equity ownership in COPL America Holdings, Inc., a Delaware corporation—located in Delaware. Each Debtor also has an interest in a retainer on deposit with Potter Anderson & Corroon LLP, in which each Debtor has an ownership interest. These funds are held in a bank account at Wells Fargo Bank, N.A. in accordance with Delaware Rule of Professional Responsibility 1.5. See Kravitz Decl. ¶ 54.

9. As required by rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Foreign Representative consents to the entry of final orders or judgments by the Court if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

10. The statutory bases for the relief requested in this Verified Petition are sections 101(23)-(24), 101(41), 1502, 1504, 1507, 1515, 1516, 1517, 1520, and 1521 of the Bankruptcy Code.

## FACTUAL BACKGROUND

### A. The Debtors' Corporate Structure and Business Operations

11. COPL is a publicly traded international oil and gas exploration, development and production company headquartered in Calgary, Alberta. The corporate organizational chart provided in paragraph 7 of the Kravitz Declaration sets forth the directly and indirectly wholly owned subsidiaries of COPL, each of which are Debtors, as well as two non-Debtor subsidiaries (collectively, the "COPL Group").

12. COPL, the parent of the COPL Group, is incorporated pursuant to the laws of Canada. COPL's head office is located at Suite 3200, 715-5 Avenue SW, Calgary, Alberta and its registered office is located at Suite 400, 444-7 Avenue SW, Calgary, Alberta.

**B. The Chapter 15 Filing**

13. On the date hereof, the Foreign Representative filed petitions under chapter 15 of the Bankruptcy Code for recognition of the Canadian Proceedings, thereby commencing the Chapter 15 Cases.

14. Also on the Petition Date, the Foreign Representative filed that certain *Ex Parte Motion for Relief in the Form of a Temporary Restraining Order and, After Notice and a Hearing, an Order for Provisional Relief Under Section 1519 of the Bankruptcy Code* (the "Provisional Relief Motion") seeking entry of an order (the "Proposed Provisional Relief Order") granting the relief requested in the Provisional Relief Motion shortly after the commencement of these Chapter 15 Cases.

15. The Foreign Representative anticipates that the Canadian Court will enter an amended and restated Initial Order (the "Amended and Restated Initial Order") on or around March 21, 2024. A description of the relief provided in the Initial Order and a description of the proposed relief set forth in the Amended and Restated Initial Order is set forth below, in the Kravitz Declaration, and in the Provisional Relief Motion filed contemporaneously herewith.

16. Further detail regarding the Debtors' business and the events leading to the Canadian Proceedings and prompting the filing of these Chapter 15 Cases can be found in the Kravitz Declaration and the Rosenblat Declaration, which are incorporated herein by reference.

## RELIEF REQUESTED

17. Based on the foregoing, the Kravitz Declaration, and the Rosenblat Declaration offered in support of the Chapter 15 Petition, together with the materials attached to them, the

Foreign Representative requests that this Court recognize the Canadian Proceedings as a foreign main proceeding under sections 101(23), 1502(4), and 1517 of the Bankruptcy Code and grant related relief under sections 1520 and 1521 of the Bankruptcy Code, or, in the alternative, as a foreign non-main proceeding under sections 101(23), 1502(5), and 1517 of the Bankruptcy Code and grant related relief under section 1521 of the Bankruptcy Code.

18. After notice and a hearing at which this Chapter 15 Petition is considered, the Foreign Representative seeks entry of an order, substantially in the form attached to the Recognition Motion as **Exhibit A** (the "Proposed Recognition Order"), granting relief (collectively, the "Relief Requested"), including, but not limited to:

a. Recognizing of the Canadian Proceedings as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code;

b. In the alternative should the Court find that any of the Debtors do not have their center of main interest in Canada, recognizing of the Canadian Proceedings as foreign nonmain proceedings pursuant to section 1517(b)(2) of the Bankruptcy Code;

c. Recognizing the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceedings;

d. Giving full force and effect within the territorial jurisdiction of the United States to the Amended and Restated Initial Order, including all extensions or amendments thereof authorized by the Canadian Court;

e. Granting the Debtors all the relief afforded pursuant to section 1520 of the Bankruptcy Code, including but not limited to the "automatic stay" under section 362 of the Bankruptcy Code, which shall apply with respect to the Debtors and the Debtors' property that is now or in the future located within the territorial jurisdiction of the United States;

f. Extending on a final basis (pursuant to section 1521(a)(6) of the Bankruptcy Code) the relief granted under the Provisional Relief Order (as defined below) and grants such further additional relief requested herein and as

otherwise authorized by sections 1507 and 1521 of the Bankruptcy Code, as applicable, as the Court deems necessary;[3] and

g. Providing such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

19. For the reasons set forth in this Verified Petition, and as more fully set forth in the Recognition Motion and the Recognition Memorandum, the Court should enter the Proposed Recognition Order, as the Foreign Representative meets the standards for obtaining the relief requested herein and otherwise satisfies the statutory requirements for recognition and related relief under chapter 15 of the Bankruptcy Code.

20. The Foreign Representative respectfully submits that the Court should recognize the Canadian Proceedings, as required under section 1517 of the Bankruptcy Code, because the Foreign Representative applying for recognition is a "person," the Canadian Proceedings are "foreign main proceedings" or alternatively "foreign nonmain proceedings" within the meaning of section 1502 of the Bankruptcy Code, and the Petition meets the requirements of section 1515 of the Bankruptcy Code.

21. Section 1517(a) of the Bankruptcy Code authorizes the Court to enter an order, after notice and a hearing, recognizing a foreign proceeding if (i) such proceeding is a foreign main proceeding or a foreign nonmain proceeding, (ii) "the foreign representative applying for recognition is a person or body," and (iii) the application for recognition was properly filed in accordance with section 1515 of the Bankruptcy Code. *See* 11 U.S.C. § 1517(a). Section 1517(b) of the Bankruptcy Code further provides that a proceeding "shall be recognized as a foreign main

[3] The Debtors anticipate the Amended and Restated Initial Order will be entered approximately ten (10) days from the entry of the Initial Order in a form substantially similar to the form attached as Exhibit 2 to the Provisional Relief Motion.

proceeding if it is pending in the country where the debtor has the center of its main interest." *See* 11 U.S.C. § 1517(b).

22. The Foreign Representative is a "person[s]" within the meaning of section 101(41) of the Bankruptcy Code that has been appointed by the Canadian Court, as memorialized in the Initial Order, and expressly authorized by the Canadian Court to commence these cases under chapter 15 of the Bankruptcy Code by filing the Chapter 15 Petition for recognition of the Canadian Proceedings. *See* 11 U.S.C. § 1504. The Canadian Proceedings are "foreign proceedings" within the meaning of section 101(23) of the Bankruptcy Code because, among other reasons, it is a collective judicial proceeding conducted in Canada under the law related to insolvency or debt adjustment, and the assets and affairs of the Debtors are subject to supervision by the Canadian Court for the purpose of reorganization or liquidation.

23. Further, as required by section 1515(b) of the Bankruptcy Code, the Chapter 15 Petition is accompanied by a copy of the decision commencing the Canadian Proceedings and appointing the Foreign Representative of the Debtors in the form of the Initial Order attached to the Petitions as Exhibit A.[4] The decision commencing the Canadian Proceedings is in English and, thus, comports with section 1515(d) of the Bankruptcy Code. In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative has filed a statement disclosing that, to the best of its knowledge, there are no other foreign proceedings pending with respect to the Debtors. The Foreign Representative has, therefore, satisfied the conditions requiring entry of an order recognizing the Canadian Proceedings. *See* 11 U.S.C. § 1517(a). Additionally, recognition of the Canadian Proceedings is not manifestly contrary to the public policy of the United States.

---

[4] Due to the timing of the "first day" hearing, the Debtors have provided a copy of Initial Order as-entered by the Canadian Court with the Petitions and will file a certified copy upon receipt.

Based on the foregoing, the Foreign Representative petitions the Court for entry of an order recognizing the Canadian Proceedings.

24. The Canadian Proceedings should be recognized as a foreign main proceedings. Indeed, the Debtors' center of main interest is in Calgary, Alberta, Canada, and, thus, it has its nerve center in Canada. Specifically, the top holding company foreign debtor is formed under the laws of Canada and, prior to the commencement of CCAA, had its registered offices and headquarters in Calgary, Alberta, Canada, and, therefore, Canada is presumed to be the center of main interest for the Debtors formed in Canada. *See* 11 U.S.C. § 1516(c). Moreover, when the Canadian Court took jurisdiction over the Debtors, it [implicitly] recognized that its center of main interest was Canada. Since Canada is the center of main interest for the Debtors, the Canadian Proceedings should be recognized as a foreign main proceeding. *Id.* § 1517(b)(1). While certain of the Debtors are formed under the laws of England and Wales, Bermuda, Delaware, Colorado, and Wyoming and cannot benefit from the presumption that their center of main interest is in Canada, that is merely a presumption that can be rebutted with sufficient evidence. Based on the Kravitz Declaration and the arguments set forth in the Recognition Memorandum, those Debtors formed under non-Canadian laws also have their center of main interest in Canada. Should the Court conclude otherwise, however, those entities' Canadian Proceedings qualify as foreign nonmain proceedings for the reasons set out in the Recognition Motion and the Recognition Memorandum.

25. Upon recognition of the Canadian Proceedings as a foreign main proceeding, final relief is authorized by sections 1520 and 1521 of the Bankruptcy Code. In particular:

a. The Debtors are automatically entitled to the protections of the automatic stay of section 362 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1520(a)(1), 362.

b. Sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate. *See* 11 U.S.C. § 1520(a)(2).

c. The Foreign Representative may operate the Debtors' business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code. *See* 11 U.S.C. § 1520(a)(3).

d. The Court may also suspend the right to transfer, encumber or otherwise dispose of the Debtors' assets. *See* 11 U.S.C. § 1520(a). To the extent that this relief is not granted under section 1520 of the Bankruptcy Code by applying section 362 of the Bankruptcy Code, the Court may grant this relief pursuant to section 1521(a)(3) of the Bankruptcy Code.

e. The Foreign Representative is entrusted, if not as of right under section 1520 of the Bankruptcy Code, with the discretionary approval of the Court under section 1521 of the Bankruptcy Code with the right to operate the Debtors' business, exercise rights and power of a trustee, and are entitled to administer and realize all or part of the Debtors' assets within the territorial jurisdiction of the United States. *See* 11 U.S.C. § 1521(a)(5).

f. The Court may, at the request of the Foreign Representative, grant any additional relief that may be available to a trustee (except for the relief available under sections 522, 544, 545, 547, 548, 550 and 724(a)), including the protections afforded in section 365(e) of the Bankruptcy Code.

26. The Court also has the power to provide additional assistance to a foreign representative under the Bankruptcy Code or other laws of the United States, consistent with the principles of comity. *See* 11 U.S.C. §§ 1507 and 1521. The Court's entry of the relief requested by the Chapter 15 Petition and of any additional assistance requested will not prohibit just treatment of holders of claims against the Debtors' property and will not prejudice their creditors. As such, the Foreign Representative submits that the Court has the discretion to enter the additional assistance set forth in the Proposed Recognition Order and other motions filed concurrently herewith.

## CONCLUSION

WHEREFORE, COPL, by and through its authorized officer Mr. Kravitz, in its capacity as Foreign Representative of the Debtors, respectfully petitions the Court for recognition and relief under chapter 15 of the Bankruptcy Code, the relief requested herein, and for such other relief and assistance as may be necessary.

Dated: March 11, 2024
Wilmington, Delaware

Respectfully submitted,

*/s/ L. Katherine Good*

Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Gregory J. Flasser (No. 6154)
Levi Akkerman (No. 7015)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
kgood@potteranderson.com
gflasser@potteranderson.com
lakkerman@potteranderson.com

*Counsel to the Foreign Representative*

**VERIFICATION OF PETITION**

I, Peter Kravitz, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America as follows:

I am the Chief Restructuring Officer of Canadian Overseas Petroleum Limited, the authorized foreign representative for the Debtors. As such, I have full authority to verify the foregoing Verified Petition on behalf of the Debtors.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 11, 2024

*/s/ Peter Kravitz*
Peter Kravitz
CRO of Canadian Overseas Petroleum Limited