## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------- x
In re:                                    :   Chapter 15
                                          :
GOLI NUTRITION INC., et al.,¹             :   Case No. 24-10438 (LSS)
                                          :
          Debtors in a Foreign Proceeding. :  Joint Administration Requested
                                          :
------------------------------------------------------------- x
```

## PETITIONER'S MOTION FOR PROVISIONAL RELIEF
## PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

Deloitte Restructuring Inc., in its capacity as the court-appointed monitor and duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Goli Nutrition Inc., a company incorporated in Québec, Canada ("Goli Canada") and Goli Nutrition Inc., a company incorporated in Delaware ("Goli US," and together with Goli Canada, the "Debtors"), through its United States co-counsels, Landis Rath & Cobb LLP and Norton Rose Fulbright US LLP, respectfully moves this court, pursuant to section 1519 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Provisional Relief Order"), (i) granting provisional relief effective as of the Petition Date on an interim basis (a) enforcing the Initial Order (as defined below) and (b) staying any collection and enforcement activity by creditors, lessors, and any other parties against the Debtors and their assets in the United States pending this Court's consideration of the Recognition Order (defined herein) and (ii) granting such other and further relief as this Court deems just and proper (the

---

¹     The Debtors in these Chapter 15 cases, are: Goli Nutrition, Inc., a company incorporated in Québec, Canada and the last 4 digits of its Canadian business number is 0002; and Goli Nutrition Inc., a company incorporated in Delaware and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

"Motion").  In support of this Motion, the Petitioner relies upon (i) the *Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* (the "Verified Petition"),[2] and (ii) the *Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, (B) Motion for Provisional Relief, and (C) Motion for Order Enforcing CCAA Vesting Orders* ("Zucker Declaration"), each of which was filed contemporaneously herewith and is incorporated herein by reference.  In further support of the relief requested herein, the Petitioner respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     The Petitioner has filed this Motion seeking a provisional stay in order to maintain the status quo until the Court can consider the Petitioner's request for recognition of the Canadian Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings.  The requested relief is necessary to advance key objectives of Chapter 15:  to protect and maximize the value of the Debtors' assets, and to ensure the equal treatment of similarly situated creditors.  Without the relief requested, creditors in the United States invoking self-help remedies will gain an unfair advantage at the expense of the Debtors' other creditors, including those that are subject to, and acting in full compliance with, the stay issued in the Canadian Proceedings.  The Canadian Court has requested this Court's assistance in aid of the Canadian Proceedings, and protecting the Debtors and their assets from collection and enforcement actions so that claims can be channeled to and administered in the Canadian Proceedings will fulfill that request, which is exactly the type of cooperation that Chapter 15 is meant to foster.  The provisional

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

relief requested by the Debtors, which is generally afforded to debtors in chapter 15 recognition proceedings, is required to prevent individual creditors from acting to frustrate the purpose of the Restructuring by disregarding the Initial Order (defined below).

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Petitioner properly commenced these Chapter 15 cases pursuant to sections 1504 and 1509 of the Bankruptcy Code by filing petitions for recognition of the Canadian Proceedings under section 1515 of the Bankruptcy Code.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Petitioner consents to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      Venue is proper before the Court pursuant to 28 U.S.C. § 1410.

5.      The statutory predicates for the relief requested herein are sections 105(a), 1521(a)(7), and 1519 of the Bankruptcy Code.

## BACKGROUND

6.      On March 19, 2024 (the "Petition Date"), the Petitioner filed with this Court verified voluntary petitions for each of the Debtors under Chapter 15 of the Bankruptcy Code. And contemporaneously with the filing of this Motion, the Petitioner filed the Verified Petition.

7.      The Canadian Proceedings were commenced under the CCAA, pursuant to which the Canadian Court entered an order appointing the Petitioner as monitor for the Debtors and certain of their affiliates and further authorizing the Petitioner to act as foreign representative of the Debtors to, among other things, commence these Chapter 15 cases (the "Initial Order"). Additionally, the Initial Order provides for a broad stay of proceedings in favor of the Debtors.  In particular, for an initial ten-day period through and including March 27, 2024 (the "Stay Period"), "no proceeding or enforcement process in any court or tribunal (each, a "Proceeding") shall be commenced or continued against or in respect of the [Debtors], or affecting the [Debtors'] business operations and activities (the "Business") or the Property … except with leave of this Court." Initial Order, ¶ 10. The Canadian Court has scheduled a hearing for March 27, 2024 (the "Comeback Hearing") to consider the Debtors' request for an extension of the Stay Period and entry of an amended and restated Initial Order.  Initial Order, ¶ 45.

8.      Additional information about the Debtors' businesses, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors, the Canadian Proceedings, and the commencement of these Chapter 15 cases can be found in the Verified Petition, which is hereby incorporated by reference.

## RELIEF REQUESTED

9.      By this Motion, pursuant to sections 105, 1521(a)(7), and 1519 of the Bankruptcy Code, the Petitioner seeks entry of the Provisional Relief Order effective as of the Petition Date (i) on an interim basis, (a) enforcing the Initial Order and (b) applying sections 362 and 365(e) of the Bankruptcy Code to stay any and all collection and enforcement activity or execution by creditors, lessors and any other parties against the Debtors or their assets in the United States, including, but not limited to, continuing any action or commencing any additional action involving the Debtors

or their assets or the proceeds thereof, terminating any contracts or leases, enforcing any judicial,

quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award

against the Debtors or their assets, commencing or continuing any action to create, perfect or

enforce any lien, setoff or other claim against the Debtors or against any of their property and

managing or exercising control over the Debtors' assets, and purporting to enforce any *ipso facto*

clause present in an executory contract or unexpired lease pending this Court's consideration of

an order granting recognition to the Canadian Proceedings as foreign main proceedings or, in the

alternative, foreign nonmain proceedings and staying all actions in respect of the Debtors, their

rights, and their properties pursuant to section 1521 of the Bankruptcy Code in these Chapter 15

cases (the "Recognition Order"); and (ii) granting such other and further relief as this Court deems

just and proper.

## BASIS FOR RELIEF

10.    The Petitioner filed the Petitions in an effort to obtain recognition of the Canadian

Proceedings as foreign main proceedings or, in the alternative, as foreign nonmain proceedings,

under section 1517 of the Bankruptcy Code and to obtain certain relief related thereto from this

Court in connection with the Chapter 15 cases.  However, until the Court grants such relief, the

Debtors' business and assets are vulnerable to collection and enforcement actions by creditors in

the United States.  As set forth in the Verified Petition, such actions threaten the "fair and efficient

administration of cross-border insolvencies that protects the interests of all creditors, and other

interested entities," including the Debtors, and the "protection and maximization of the value of

the debtor's assets" contemplated by sections 1501(a)(3) and (a)(4) of the Bankruptcy Code.  The

Petitioner's ultimate goal is to ensure an orderly administration of the Debtors' financial affairs

under the auspices of the Canadian Court in the Canadian Proceedings, with the aid of this Court

through these Chapter 15 cases. The Petitioner submits that entry of the Provisional Relief Order under section 1519 of the Bankruptcy Code is the most efficient and effective means of ensuring that result.

11.     More specifically, and as described in detail in the Verified Petition, the key element of the restructuring centers around the sale of the Debtors' business as a going-concern pursuant to the terms of the RVO and liquidation of the Atos Equipment pursuant to the Atos Sale Order.

12.     The Atos Sale Order contemplates the liquidation of the Atos Equipment, which is located in the Norco Facility in Norco California. As described in the Verified Petition, the Norco Landlord has issued several notices of default for rental arrears, the most recent being on March 12, 2024, wherein the Norco Landlord demanded immediate payment of past due rent or turnover of possession of the Norco Facility.[3]  The Debtors are in arrears on the Norco Lease in the approximate amount of $510,000, representing unpaid rent for the month of March 2024. Further, on February 29, 2024, the Norco Landlord applied a portion of its deposit in payment of the rental arrears (leaving a deposit balance of approximately $1.2 million) and requested that the Debtors replenish said deposit within 10 days. Because the Debtors will not be able to replenish the deposit, and have not paid rent for the current month, they are now at serious risk of being evicted from the Norco Facility, and denied access to the Norco Facility where the Atos Equipment is located. Given these default notices, the Debtors risk eviction and limited access to the Atos Equipment, which could jeopardize key elements of the Debtors' proposed restructuring. The provisional relief sought herein is therefore critical to ensure that assets located in the United States that are to

---

[3]     *See Three Day Notice to Pay Rent*, attached hereto as **Exhibit B**.

be sold are preserved so those transactions can be implemented, once approved, without delay or complication.

13.     Accordingly, the Petitioner respectfully requests that the Court enter the Provisional Relief Order, granting provisional injunctive relief pursuant to section 1519 of the Bankruptcy Code, until such time as the Court has the opportunity to consider the Verified Petition and the entry of the Recognition Order.  Specifically, the Petitioner seeks imposition of 11 U.S.C. §§ 362 and 365(e) for the purpose of maintaining the status quo until the Court rules on the Verified Petition

## I.      <u>Provisional Relief Is Authorized Under Section 1519(a) of the Bankruptcy Code</u>

14.     Section 1519(a) of the Bankruptcy Code provides:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including -
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a).  Section 1519(a)(3) of the Bankruptcy Code authorizes the Court to grant, on a provisional basis, any relief available pursuant to section 1521(a)(7).  Section 1521(a)(7) provides that the Court may grant a foreign representative any relief available to a trustee, subject to certain exceptions that are not applicable in this case.  The automatic stay of section 362 of the

Bankruptcy Code, and the prohibition of *ipso facto* clauses of section 365(e) of the Bankruptcy Code, are essential features of the Bankruptcy Code that clearly fall within this provision.  In addition, section 105(a) of the Bankruptcy Code further allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

15.    The provisional relief sought herein is of a type frequently granted in Chapter 15 cases.  Bankruptcy courts in the United States have routinely imposed the section 362 stay or ordered similar relief to maintain the status quo pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and section 304 of the Bankruptcy Code, including in respect of recognition proceedings that relate to restructurings of corporations in Canadian courts. *See, e.g.*, *In re Acerus Pharmaceuticals Corp.*, No. 23-10111 (Bankr. D. Del. Jan. 31, 2023); *In re Groupe Dynamite Inc.*, No. 20-12085 (Bankr. D. Del. Sept. 9, 2020) (order granting provisional relief, including application of sections 362); *In re CDS Holdings, Inc.*, No. 20-11719 (Bankr. D. Del. July 17, 2020) (granting provisional relief making section 362 of the Bankruptcy Code applicable on a limited basis); *In re The Aldo Grp., Inc.*, No. 20-11060 (Bankr. D. Del. May 8, 2020) (order granting provisional relief, including and application of sections 362 and 365(e)); *In re Essar Steel Algoma Inc.*, No. 15-12271 (Bankr. D. Del. Nov. 10, 2016); *In re Catalyst Paper Corp.*, No. 12-10221 (Bankr. D. Del. Jan. 19, 2012) (order granting provisional relief, including application of sections 362 and 365(e)); *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (Bankr. D. Del. Feb. 23, 2012) (order granting provisional relief, including recognition and enforcement of the Initial Order entered in the Canadian Proceedings, and application of sections 362, 364(e), and 365(e)).

## II.     Provisional Relief is Warranted under the Standards of Section 1519

16.     Relief under section 1519 of the Bankruptcy Code is governed by the standards applicable to injunctions.  *See* 11 U.S.C. § 1519(e); *In re Innua Can. Ltd.*, 2009 WL 1025088, at *3 (Bankr. D.N.J. Mar. 25, 2009).  The standard for the grant of a preliminary injunction requires the Court to balance the Petitioner's likelihood of success against the relative prejudice to the parties.  *See HRP Creative Servs. Co., LLC v. FPI-MB Entm't, LLC*, 616 F. Supp. 2d 481, 489 n.14 (D. Del. 2009) (noting that the test for a preliminary injunction involves a balancing of the interests among the parties that will result from preservation of the status quo).  In determining whether injunctive relief is appropriate, courts evaluate: (a) the likelihood of success on the merits; (b) the irreparable harm that will result if the injunction is denied; (c) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (d) whether the public interest favors such relief.  *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted); *see also In re Nortel Networks UK Ltd.,* 538 B.R. 699, 704–05 (Bankr. D. Del. 2015) (citing *U.S. v. Bell*, 414 F.3d 474, 478 n.2 (3d Cir. 2005)).  "As a practical matter, if a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the [movant]."  *AT&T Co. v. Winback and Conserve Program, Inc.*, 42 F. 3d 1421, 1427 n.8 (3d Cir. 1994).  Under this standard, the Petitioner submits that it is entitled to provisional injunctive relief pursuant to section 1519 of the Bankruptcy Code and, therefore, respectfully requests that the Court enter the Provisional Relief Order.

### A.     There is a Substantial Likelihood of Recognition of the Canadian Proceedings

17.     The Petitioner submits there is a substantial likelihood this Court will grant recognition to the Canadian Proceedings. Chapter 15 of the Bankruptcy Code applies where assistance is sought in the United States by a foreign representative in connection with a foreign

proceeding. *See* 11 U.S.C. § 1501(b)(1). Two of the objectives of Chapter 15 are the "fair and efficient administration of cross-border insolvencies that protects the interest of all creditors, and other interested entities, including the debtor," and the "protection and maximization of the value of the debtor's assets." *Id.* § 1501(a)(3), (a)(4). These Chapter 15 cases have been commenced to obtain the assistance of this Court in the effective and economical administration of the Canadian Proceedings by, among other things, carrying out the terms of the Initial Order, including the stay provided thereunder.

18.     Section 1517(a) of the Bankruptcy Code, which governs the Petitioner's request for entry of the Recognition Order, provides:

> Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding shall be entered if—
>
> (1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
>
> (2) the foreign representative applying for recognition is a person or body; and
>
> (3) the petition meets the requirements of section 1515.

11 U.S.C. § 1517(a). The Bankruptcy Code provides a clear and objective standard for determining the recognition of a foreign proceeding under section 1517 of the Bankruptcy Code. As reflected in Chapter 15's legislative history:

> The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceeding of the sort previously mandated by section 304(c) of the Bankruptcy Code. The requirements of this section [1517], which incorporates the definitions in section 1502 and sections 101(23) and (24), are all that must be fulfilled to attain recognition.

H.R. Rep 109-31, at 113 (2005), *reprinted in* 2005 U.S.C.C.A.N 88, 175. As further described in the Verified Petition, the Petitioner has satisfied the requirements of section 1517 of the

Bankruptcy Code and is therefore "likely to succeed on the merits" of its request for entry of the Recognition Order.

> i.     *The Canadian Proceedings are "foreign proceedings"*

19.     Section 101(23) of the Bankruptcy Code defines the term "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).  The Canadian Proceedings fall squarely within this definition of a "foreign proceeding" since they encompass a comprehensive adjustment of the Debtors' assets and liabilities subject to the control and supervision of the Canadian Court.  Accordingly, each of the Chapter 15 cases involve a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

> ii.     *The Chapter 15 cases were commenced by a "foreign representative"*

20.     Section 101(24) of the Bankruptcy Code defines a "foreign representative" as:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).  Here, through the Initial Order, the Petitioner has been authorized to act as a foreign representative for the Debtors in the Canadian Proceedings.  *See* Initial Order ¶¶ 29(k), 52 (authorizing the Petitioner to act as foreign representative and to file these Chapter 15 cases).

> iii.     *The Chapter 15 cases were properly commenced*

21.     These Chapter 15 cases were commenced as required by sections 1504 and 1509 of the Bankruptcy Code by the filing of the Petitions under section 1515(a) of the Bankruptcy Code, accompanied by all documents and information required by sections 1515(b) and (c) of the

Bankruptcy Code, including a copy of the Initial Order, and a statement identifying all foreign proceedings with respect to the Debtors that are known to the Petitioner. In addition, the Petitioner included with the Petitions a statement under Bankruptcy Rule 1007(a)(4) identifying all litigation known to be pending in the United States, and a list of all parties against whom provisional relief is sought.

iv.   <em>The Canadian Proceedings are foreign main proceedings</em>

22.     The Bankruptcy Code provides that a foreign proceeding for which Chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the "center of its main interests" or "COMI." 11 U.S.C. § 1517(b)(1). Section 1516(c) of the Bankruptcy Code provides that, in the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests. *Id.* § 1516(c). Although the Bankruptcy Code is silent as to the type of contrary evidence necessary to overcome the presumption provided by section 1516(c) of the Bankruptcy Code, courts have recognized that the following factors are relevant to the "center of main interest" analysis: (i) the location of the debtor's headquarters; (ii) the location of those who actually manage the debtor (which, conceivably, could be the headquarters of a holding company); (iii) the location of the debtor's primary assets; (iv) the location of the majority of the debtor's creditors or of a majority of the creditors who would be affected by the case; and (v) the jurisdiction whose law would apply to most disputes. *See In re ABC Learning Ctrs. Ltd.*, Case No. 10-11711, 2010 WL 5439809, at *11 (Bankr. D. Del. Dec. 16, 2010) (citing *In re Bear Stearns*, 389 B.R. 325, 336 (S.D.N.Y. 2008)).

23.     As further described in the Verified Petition, Goli Canada is incorporated under the *Canada Business Corporations Act* and has its registered office in Montréal, Canada. Thus, the presumption provided by section 1516 dictates that Goli Canada's "center of main interests" is

Canada, such that the Canadian Proceedings qualify as "foreign main proceedings" under the Bankruptcy Code as to Goli Canada.  Moreover, although the Goli US is organized under US law and thus, the Court may presume that its COMI is in the United States, the Petitioner has demonstrated that Goli US's COMI also lies in Canada for the reasons set forth in the Verified Petition,.

24.     Specifically, applying the factors considered by courts in this jurisdiction, the section 1516(c) presumption in respect of Goli US is rebutted.  In particular, (i) Goli Canada, the ultimate corporate parent of the Goli US, is the sole shareholder of Goli US; (ii) all strategic decision for both of the Debtors are made in Canada by the senior management of Goli Canada; (iii) all of Goli US's employees take direction from senior management at Goli Canada; (iv) Goli US's board is comprised of only one member, the founder of Goli Canada, who is located in Canada; (v) the vast majority of the Debtors' assets (including its accounts receivable in the approximate amount of $11 million and its intellectual property rights) are managed and located in Canada; (vi) the Debtor's largest creditors, the Lenders, are located in Canada; and (vii) the Credit Agreement, which evidences the Debtors' most significant indebtedness, is governed by Canadian law.  Moreover, each of the Debtors' principal corporate functions (including substantially all back-office, administrative, and human resource functions) are undertaken in Canada.  Goli Canada and Goli US's operations are integrated and function in a coordinated way such that Goli US would be unable to operate or function independently.[4]

---

[4]     Although not binding on this Court, it should be noted that the Canadian Court has determined, and as reflected in the Initial Order, that the Debtors' COMI is in Canada.

25.     In short, the principal corporate management and strategic functions of the Debtors are undertaken on a consolidated basis in Canada, and the Debtors' Canadian and United States operations are integrated and function in a coordinated way such that Goli US would be unable to operate or function independently. At this time, Goli US's primary, if not sole, function is as the counterparty to the Norco Lease.  In the foregoing circumstances, where there is a fully integrated corporate group, bankruptcy courts have found COMI to be in the jurisdiction of the group's COMI rather than that of a specific debtor's registered office, even if that registered office is in the United States. *See, e.g., In re OAS S.A.*, 533 B.R. at 101-03 (COMI of debtor incorporated in Austria was Brazil rather than Austria where, among other things, it "was part of, and inseparable from, the OAS Group located in Brazil"); *see also In re Spectra Premium Corp.*, No. 20-10614 (Bankr. D. Del. Mar. 11, 2020) (recognizing Canadian proceeding as foreign main with respect to one United States debtor and Canadian debtors); *In re Kraus Carpet Inc.*, Case No. 18-12057 (KG) (Bankr. D. Del. Oct. 1, 2018) (recognizing Canadian proceeding as foreign main proceeding with respect to one United States debtor and five Canadian debtors); *In re Catalyst Paper Corp.*, Case No. 12-10221 (PJW) (Bankr. D. Del. Mar. 5, 2012) (recognizing Canadian proceeding as foreign main proceeding with respect to eight United States debtors and nine Canadian debtors); *In re Angiotech Pharm.*, Case No. 11-10269 (KG) (Bankr. D. Del. Feb. 22, 2011) (recognizing Canadian proceeding as foreign main proceeding with respect to 14 United States debtors and three Canadian debtors); *In re Fraser Papers, Inc.*, Case No. 09-12123 (KJC) (Bankr. D. Del. July 14, 2009) (recognizing Canadian proceeding as foreign main proceeding with respect to two Canadian debtors and four United States debtors).

v.      *Alternatively, the Canadian Proceedings are "foreign nonmain proceedings"*

26.     Although the Petitioner submits that, as set forth above, the Canadian Proceedings should be recognized as foreign main proceedings, the Court may conclude that Goli US does not have its COMI in Canada.  Nevertheless, the Petitioner believes that, at the very least, the Canadian Proceedings are foreign nonmain proceedings in respect of each Debtor.

27.     The Bankruptcy Code provides that a foreign proceeding for which Chapter 15 recognition is sought must be recognized as a "foreign nonmain proceeding" if it is pending in the country where the debtor has an "establishment."  11 U.S.C. § 1517(b)(2).  Section 1502 defines "establishment" to mean "any place of operations where the debtor carries out a nontransitory economic activity."  *See id.* at § 1502(2).  "Non-transitory" economic activity requires "a seat for local business activity" in the applicable country with a "local effect on the marketplace."  *See Beveridge v. Vidunas (In re O'Reilly)*, 598 B.R. 784, 806 (Bankr. W.D. Pa. 2019); *Mood Media*, 569 B.R. at 561-63 (Bankr. S.D.N.Y. 2017).  As described above (and in greater detail in the Verified Petition), each of the Debtors has an "establishment" in Canada given the scope of their business connections to Canada; the Canadian Proceedings should, in the alternative, be recognized as "foreign nonmain proceedings."

28.     Further, should the Court recognize a Canadian Proceeding with respect to any of the Debtors as a foreign nonmain proceeding, the Petitioner has requested discretionary relief with respect to any such Debtor and its property located in the United States pursuant to section 1521 of the Bankruptcy Code.  Specifically, the Petitioner request that any relief that is the subject of this Motion be extended pursuant to section 1521(a) of the Bankruptcy Code, including the continued application of the automatic stay with respect to any such Debtor and its property located in the United States. Moreover, the application of section 365(e) on an interim basis, preventing

contract counterparties from terminating their prepetition contracts is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

### III.   The Debtors will Suffer Irreparable Harm Absent the Provisional Relief Requested

29.     The Petitioner believes that application of provisional relief pursuant to sections 362 and 365(e) of the Bankruptcy Code in these Chapter 15 cases is critical to the prevention of irreparable damage to the Debtors and the restructuring efforts being advanced through the Canadian Proceedings.  These Chapter 15 cases were commenced for the purpose of obtaining the assistance of the Court in respect of the Canadian Proceedings and to give effect in the United States to the Initial Order and its protections.  As set forth in the Verified Petition, unless the Provisional Relief Order is entered, the Debtors face the real possibility of immediate and irreparable harm from (i) individual creditors' collection and enforcement actions and (ii) the Debtors being unable to proceed with the orderly administration in the Canadian Proceedings of the Debtors' US assets pending this Court's entry of the Recognition Order.  If individual creditors are free to initiate piecemeal collection and enforcement actions (including through the termination of key contracts), the Debtors' efforts to ensure such an orderly administration will be jeopardized. Moreover, as noted above, creditor enforcement actions in the U.S. could undermine the proposed sale transactions that are critical to the Debtor's restructuring efforts.  Absent this Court's entry of the Provisional Relief Order, the Debtors may be forced to expend their limited resources in defense of attachment and other similar collection actions by individual creditors, thereby exposing the Debtors (and their creditors) to irreparable harm.  This type of decentralized administration of the Debtors' assets could be extremely prejudicial  and could serve to hinder the Canadian Proceedings.

30.     With respect to the potential for collection activity on a piecemeal basis, a number

of courts have recognized the need for provisional relief to prevent individual creditors from taking

extrajudicial advantage of the recognition process.  *See Victrix S.S. Co., S.A. v. Salen Dry Cargo,*

*A.B.*, 825 F.2d 709, 713-14 (2d Cir. 1987) (harm to an estate exists where the orderly determination

of claims and the fair distribution of assets are disrupted); *In re Acerus Pharmaceuticals Corp.*,

No. 23-10111 (Bankr. D. Del. Jan. 31, 2023); *In re Energy Coal S.P.A.* 582 B.R. 619, 626–27

(Bankr. D. Del. 2018) (stating that harm to an estate exists where orderly determination of claims

and fair distribution of assets are disrupted); *In re Banco Nacional de Obras y Servicios Publicos,*

*S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (stating that injunctive relief is necessary "to

prevent individual American creditors from arrogating to themselves property belonging to the

creditors as a group"); *In re Lines*, 81 B.R 267, 270 (Bankr. S.D.N.Y. 1988) (stating that "the

premature piecing out of property involved in a foreign liquidation proceeding constitutes

irreparable injury").

31.     If all creditors are not enjoined, the assets of the Debtors located in the United States

may be prematurely seized, or actions commenced, and the orderly determination of claims in the

Canadian Proceedings will be rendered impossible.  If creditors unilaterally pursue collection or

enforcement efforts, or application of setoff, it could diminish the value of the Debtors' assets and

cause significant delay and disruption to the Debtors' restructuring process.  The purpose of

Chapter 15 is to prevent such harm.  *See* 11 U.S.C. § 1501.

## IV.     <u>Provisional Relief Is Warranted Under the Balance of Hardships Test</u>

32.     In contrast to the hardships described above, preservation of the status quo through

the provisional relief requested will not significantly prejudice creditors.  In fact, courts have

recognized that provisional maintenance of a stay "actually serve[s] to benefit the estate's creditors

by allowing for an orderly administration of the Foreign Debtor's financial affairs." *See In re Innua Canada, Ltd*., No. 09-16362 (DHS), 2009 WL 1025088, at *2-*4 (Bankr. D.N.J. Mar. 25, 2009). Any creditor or potential creditor that objects to the relief requested herein will have an opportunity to be heard and may apply to this Court for relief if such creditor believes the terms of the Provisional Relief Order cause harm to such creditor. Moreover, the Petitioner will request that the hearing on the Verified Petition and request for entry of the Recognition Order be held in approximately 28 days from the Petition Date, such that the relief granted in the Provisional Relief Order will only be in place for a limited time and will have a minimal impact on creditors as a whole if the Court were not to recognize the Canadian Proceedings. Individual creditors' rights to initiate piecemeal collection and enforcement actions should therefore be afforded minimal weight in light of the Canadian Proceedings, the filing of the Verified Petition, and the Petitioner's request for entry of the Recognition Order. By contrast, the Debtors will suffer significant injury from creditor collection efforts, including potential self-help remedies and key contract terminations, if the Court does not grant the relief sought by the Petitioner.

33.    In addition, the Petitioner notes that, upon entry of the Recognition Order, section 1520 of the Bankruptcy Code automatically implements sections 362 (the automatic stay), 363 (sale of estate property), and 365(e) (*ipso facto* clauses) of the Bankruptcy Code. And as mentioned, even if the Recognition Order recognizes the Canadian Proceedings as foreign nonmain proceedings, the Petitioner has requested similar such relief under the discretionary provisions of section 1521 of the Bankruptcy Code. Section 1521(a)(5) of the Bankruptcy Code authorizes the Court to "entrust the administration or realization" of the Debtors' US assets to the Petitioner, along with other relief. 11 U.S.C. § 1521(a)(5). Thus, in the event the Recognition

Order is entered, the Petitioner will be entitled to much of the relief provided for by the Provisional Relief Order.

34.    Finally, numerous bankruptcy courts in this District have granted relief similar to the relief requested in this Motion.  *See, e.g., In re Acerus Pharmaceuticals Corp.*, No. 23-10111 (Bankr. D. Del. Jan. 31, 2023); *In re Groupe Dynamite Inc.,* No. 20-12085 (Bankr. D. Del. Sept. 9, 2020) (order granting provisional relief, including application of sections 362 and 365(e)); *In re CDS U.S. Holdings, Inc.,* No. 20-11719  (Bankr. D. Del. July 2, 2020) (same); *In re The Aldo Grp., Inc.*, No. 20-11060 (Bankr. D. Del. May 8, 2020) (same); *In re Earth Renew IP Holdings LLC*, Case No. 10-13363 (Bankr. D. Del. October 22, 2010); *In re Grant Forest Prods.*, Case No. 10-11132 (Bankr. D. Del. April 19, 2010); *In re Nortel Networks Corp.*, Case No. 0910164 (Bankr. D. Del. Jan. 14, 2009); *In re MAAX Corp.*, Case No. 08-11443 (Bankr. D. Del. July 14, 2008).

**V.    The Provisional Relief Requested is Consistent with Public Policy**

35.    Granting the relief requested in the Provisional Relief Order will help advance the purpose of Chapter 15 as set forth in section 1501 of the Bankruptcy Code.

> Unique to the Bankruptcy Code, Chapter 15 contains a statement of purpose: "[t]he purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency," with the express objectives of cooperation between United States courts, trustees, examiners, debtors and debtors in possession and the courts and other competent authorities of foreign countries; greater legal certainty for trade and investment; fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested entities, including the debtor; the protection and maximization of the debtor's assets; and the facilitation of the rescue of financially troubled businesses.

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund*, 374 BR 122, 126 (Bankr. S.D.N.Y. 2007) (internal citations omitted). Entry of the Provisional Relief Order will assist with the orderly administration of the Canadian Proceedings.  Fostering cooperation among

the Canadian Court and this Court is precisely the goal that Chapter 15 is intended to promote. *See* 11 U.S.C. § 1501(a) (instructing that the purpose of Chapter 15 is to promote cooperation among courts to ensure the "fair and efficient administration of cross-border insolvencies"). Finally, by the Initial Order, the Canadian Court has requested the assistance of this Court to effectuate its orders in the United States. *See* Initial Order ¶ 54. Providing the requested assistance would achieve the objectives underlying Chapter 15. *See* 11 U.S.C. § 1525(a) (instructing that courts "shall cooperate to the maximum extent possible with a foreign court or a foreign representative" in accordance with section 1501).

## NOTICE

36.     Notice of this Motion has been provided to Office of the United States Trustee for the District of Delaware. The Petitioner respectfully submits that, in light of the nature of the relief requested, no other or further notice of the Motion need be given.

## CONCLUSION

**WHEREFORE**, the Petitioner respectfully requests this Court (i) enter the Provisional Relief Order, substantially in the form attached hereto, pending the entry of the Recognition Order, and (ii) grant such other and further relief as this Court deems just and proper.

*[Signature on following page]*

Dated: March 19, 2024
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Matthew R. Pierce*
Matthew B. McGuire (No. 4366)
Matthew R. Pierce (No. 5946)
Joshua B. Brooks (No. 6765)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email:  mcguire@lrclaw.com
          pierce@lrclaw.com
          brooks@lrclaw.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Andrew Rosenblatt (*pro hac vice* pending)
Francisco Vazquez (*pro hac vice* pending)
Michael Berthiaume (*pro hac vice* pending)
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
Email: andrew.rosenblatt@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

*Counsel to the Petitioner*