**<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :
                                                             :  Chapter 15
GOLI NUTRITION INC., *et al.*,[1]                            :
                                                             :  Case No. 24-10438 (LSS)
                                                             :
                                                             :  (Jointly Administered)
     Debtors in a Foreign Proceeding.                        :
                                                             :  Ref. No. ___
------------------------------------------------------------ x

## ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTION 1519

Upon the motion (the "Motion")[2] of Deloitte Restructuring Inc., in its capacity as the court-appointed monitor and duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Goli Nutrition Inc., a company incorporated in Québec, Canada ("Goli Canada") and Goli Nutrition Inc., a company incorporated in Delaware ("Goli US," and together with Goli Canada, the "Debtors"), through its United States co-counsels, Landis Rath & Cobb LLP and Norton Rose Fulbright US LLP, in this court, pursuant to section 1519 of title 11 of the United States Code (the "Bankruptcy Code") for entry of a provisional order enforcing the Initial Order and granting a stay against any collection or enforcement against the Debtors or the Debtors' assets in the United States and otherwise applying section 362 and 365(e) of the Bankruptcy Code on an interim basis under section 1519 of the Bankruptcy Code; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with sections 157 and 1334 of title 28 of the

---

[1] The Debtors in these Chapter 15 cases, are: Goli Nutrition, Inc., a company incorporated in Québec, Canada and the last 4 digits of its Canadian business number is 0002; and Goli Nutrition Inc., a company incorporated in Delaware and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

United States Code, sections 109 and 1501 of the Bankruptcy Code, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "Amended Standing Order"); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to section 157(b) of title 28 of the United States Code; and due and proper notice of the provisional relief sought in the Motion having been provided under the circumstances; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon (i) the *Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* (the "Verified Petition") and (ii) the *Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, (B) Motion for Provisional Relief, and (C) Motion for Order Enforcing CCAA Vesting Orders* (the "Zucker Declaration" and together with the Verified Petition the "Chapter 15 Papers"), filed contemporaneously with the Motion, the record of the Hearing and all of the proceedings before the Court in these Chapter 15 cases; and the Court having found and determined that the provisional relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

   A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B.  This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order.

  C.  This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

  D.  Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

  E.  Service of the Motion was due, proper, and sufficient under the circumstances and no other notice is required.

  F.  On March 18, 2024, these Chapter 15 cases were commenced by the Petitioner's filing of a voluntary Chapter 15 Petition for Recognition of a Foreign Proceeding for each Debtor contemporaneously with the filing of the Verified Petition.  Attached to the Verified Petition was an order (the "<u>Initial Order</u>") of the Canadian Court in the Canadian Proceedings appointing the Petitioner and granting additional relief.

  G.  The Petitioner has demonstrated a substantial likelihood of success on the merits that (a) each of the Canadian Proceedings is a "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (b) the Petitioner is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, (c) all statutory elements for recognition of the Canadian Proceedings are satisfied in accordance with section 1517 of the Bankruptcy Code, and (d) upon recognition of the Canadian Proceedings as foreign main proceedings, section 362 of the Bankruptcy Code will automatically apply in these Chapter 15 cases pursuant to section 1520(a)(l) of the Bankruptcy Code.

H.     The Petitioner has demonstrated that (a) the commencement or continuation of any proceeding or action in the United States against the Debtors and their business and all of their assets should be stayed pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code, which protections, in each case, shall be coextensive with the provisions of sections 362 and 365(e) of the Bankruptcy Code, to permit the fair and efficient administration of the Canadian Proceedings for the benefit of all stakeholders and (b) the relief requested in the Motion will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

I.     The Petitioner has demonstrated that application of the automatic stay on a provisional basis is crucial to prevent irreparable harm to the Debtors and/or their assets resulting from potential collection, enforcement efforts, or other actions of creditors and/or landlords prior to the disposition of the Petitions for recognition.

J.     The Petitioner has demonstrated that no injury will result to any party that is greater than the harm to the Debtors' assets and property in the absence of the relief requested in the Motion.

K.     The interests of the public and public policy of United States will be served by entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is granted as set forth herein.

2.     The Initial Order is hereby given full force and effect on an interim basis, including, without limitation, the stay of proceedings to the extent set forth in the Initial Order, and shall be given full force and effect in the United States until otherwise ordered by this Court.

3.     While this Order is in effect, the Petitioner, the Debtors, and the Debtors' property

are entitled to the full protections and rights pursuant to section 1519(a)(l) of the Bankruptcy Code, which protections shall be coextensive with the provisions of sections 362 and 365(e) of the Bankruptcy Code, and this Order shall operate to stay, without limitation, any collection, enforcement efforts, or other actions of creditors, lessors, and any other parties against the Debtors and their property in the United States.

4. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Petitioner and its authorized representatives and agents, are hereby enjoined from, without limitation:

(a) enforcing any rights or obligations or otherwise executing against any of the Debtors' assets or other properties;

(b) commencing or continuing, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

(c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

(d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioner;

(e) enforcing, commencing, or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

(f) terminating any agreements, leases, contracts, or understandings, or otherwise enforcing rights, accelerating obligations, or exercising remedies of any kind in respect thereof.

5. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule 65(c) are hereby waived, to the extent applicable.

6. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2024
Wilmington, Delaware

_____
Honorable _____
United States Bankruptcy Judge