# **EXHIBIT B**

**~~Exhibit A~~**

~~Proposed Notice Order~~

IN IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------ x : | |
| In re: : | Chapter 15 |
| : | |
| GOLI NUTRITION INC., *et al.*,[1] : | Case No. 24~~————~~-10438 |
| : | (~~——~~LSS) |
| Debtors in a Foreign Proceeding. : | ~~Jointly Administered~~ Joint Administration Requested |
| ------------------------------------------------------------ x | |

## ORDER SPECIFYING THE FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the motion (the "Motion")[2] of Deloitte Restructuring Inc., in its capacity as the court-appointed monitor (the "Petitioner") and authorized foreign representative for the above-captioned debtors (collectively, the "Debtors"), in the Canadian proceedings (the "Canadian Proceedings"), commenced under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court in the Commercial Division in the District of Montreal (the "Canadian Court"), seeking entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 9006 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules for the United States Bankruptcy Court for the District of Delaware, specifying the form and manner of service of the notice of: (i) the filing of (a) the Debtors' chapter 15 petitions (collectively, the "Chapter 15 Petitions") and (b) certain related pleadings pursuant to chapter 15 of the Bankruptcy Code, including the Verified Petition and the Sale Motion, (ii) this Court's entry of the Provisional Relief Order (as defined below); (iii) the

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] All capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

deadline to object to the Chapter 15 Petitions and the Sale Motion; and (iv) the hearing for this Court to consider the Chapter 15 Petitions and the Sale Motion, and granting certain related relief; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Motion is in the best interests of the Petitioner, the Debtors, and other parties-in-interest in the Chapter 15 Cases; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Recognition Hearing is scheduled for March__, 2024 at _:_ a./p.m. (prevailing Eastern time).

3. The date and time of the Recognition Hearing, including the hearing on the Sale Motion, may be adjourned or continued to a subsequent date without further notice except for an "in court" announcement at the Recognition Hearing or a filing on the docket of the Chapter 15 Cases of the date and time to which the Recognition Hearing has been adjourned.

4. The Recognition Notice, substantially in the form attached hereto as Exhibit A, is hereby approved.

5. The Sales Transactions Notice (as defined below), substantially in the form attached hereto as Exhibit B, is hereby approved.

6. ~~5.~~ Prior to mailing the Recognition Notice, the Petitioner may fill in any missing dates and other information, correct any typographical errors, confirm the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Petitioner deems necessary or appropriate.

7. 6. The Petitioner shall serve, or cause to be served, a copy of the Recognition Noticethe following documents (the "Notice Package") on the Notice Parties by United States or Canadian mail, first class postage prepaid, by close of business on March 25, 2024:

    a. A copy of the Recognition Notice, as approved by this Court;
    b. A copy the Provisional Relief Order, as entered by this Court;
    c. A copy of the Sale Motion;
    d. A copy of the Initial Order, as entered by the Canadian Court; and
    e. copy of a notice (the "Sale Transactions Notice"), substantially in the form attached hereto as Exhibit B, setting out: (i) details of the Comeback Hearing and the relief to be sought thereat, (ii) a summary of the Sale Transactions, including references to the proposed RVO and the proposed Atos Sale Order, (iii) the currently available details for the Transaction Approval Hearing and the process for obtaining full hearing details once those are determined by the Canadian Court, and (iv) links to the website of the Petitioner, on which relevant proceedings and documents are posted, the permanent Teams links used to attend virtually at hearings before the Canadian Court and a contact email for the representative of the Petitioner.

8. 7. The Petitioner shall serve, or cause to be served, on the Master Service List, including any party requesting to be added thereto, all pleadings filed after the Recognition Hearing by the Petitioner in the Chapter 15 Cases after the Recognition Hearing by United States or Canadian mail, first class postage prepaid, or by electronic mail to the parties for whom it has email addresses, and no further or additional notice will be required. Service of all pleadings filed in these Chapter 15 Cases on the Master Service List in accordance with this Order is hereby approved as due and sufficient notice of such pleadings on all interested parties in these Chapter 15 Cases.

9. 8. To the extent not previously served, in the event any other interested party files a notice of appearance in the Chapter 15 Cases, the Petitioner shall serve, or cause to be served, on such party the Recognition Notice and the proposed Recognition Order (or, to the extent the proposed Recognition Order has previously been entered by this Court, the Recognition Order)

within three (3) business days of the filing of such notice of appearance by United States or Canadian mail, first class postage prepaid.

10.    ~~9.~~ The Petitioner shall also serve copies of the ~~Recognition~~contents of the Notice Package, the Chapter 15 Petitions, the Verified ~~Petitions, the Sale Motion, the Provisional Relief Motion~~Petition, and the *Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief , (B) Motion for Provisional Relief, and (C) Motion for order enforcing CCAA Vesting Orders* and all other papers it files in these cases by electronic mail to the parties for whom it has email addresses.

11.    ~~10.~~ Service of the ~~Recognition~~ Notice Package and the proposed Recognition Order (or, to the extent the proposed Recognition Order has previously been entered by this Court, the Recognition Order) in accordance with this Order is hereby approved as due and sufficient notice and service of the filing of the Chapter 15 Petitions, the Verified Petition, the Provisional Relief Order, the Sale Motion, the proposed Recognition Order, the Recognition Hearing and the ~~Objection Deadline~~deadline to object to the Chapter 15 Petitions and the Sale Motion on all interested parties in the Chapter 15 Cases.

12.    ~~11.~~ Any responses, answers, or objections to the Chapter 15 Petitions, the requested recognition of the Canadian Proceedings as foreign main proceedings, related relief, or the Sale Motion must (a) be in writing, (b) set forth in detail the factual and legal bases therefor, (c) be filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (d) be served upon counsel for the Petitioner, Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019, Attn: Andrew Rosenblatt, andrew.rosenblatt@nortonrosefulbright.com, and Landis Rath & Cobb LLP, 919

- 5 -

Market Street, Ste. 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, ~~mcquire~~mcguire@lrclaw.com, so as to be received on or before _____, 2024 at 4:00 p.m. (prevailing Eastern time).

13. ~~12.~~ The Petitioner is authorized to take all actions necessary to effectuate the relief granted by this Order.

14. ~~13.~~ Notwithstanding any applicability of any Bankruptcy Rules or Local Rules, the terms and conditions of this order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

15. ~~14.~~ This Court shall retain jurisdiction with respect to any and all matters arising from or related to the interpretation or implementation of this Order.

**<u>Exhibit <span style="color:red"><s>B</s></span><span style="color:blue"><u>A</u></span></u>**

Recognition Notice

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 15 |
| GOLI NUTRITION INC., *et al.*,[1] | Case No. 24-~~_____~~-10438 |
| | (~~——~~LSS) |
| Debtors in a Foreign Proceeding. | ~~Jointly Administered~~ Joint Administration Requested |

---

**NOTICE OF (I) FILING OF (A) PETITIONS PURSUANT TO CHAPTER 15 OF THE BANKRUPTCY CODE AND (B) PETITIONER'S SALE MOTION; (II) ENTRY OF PROVISIONAL RELIEF ORDER; (III) DEADLINE TO OBJECT TO ENTRY OF RECOGNITION ORDER AND SALE ORDER; AND (IV) HEARING FOR COURT TO CONSIDER CHAPTER 15 PETITIONS, SALE MOTION, ENTRY OF RECOGNITION ORDER AND SALE ORDER**

**PLEASE TAKE NOTICE** that on March 18, 2024, Deloitte Restructuring Inc., in its capacity as the court-appointed monitor and duly authorized foreign representative (in such capacity, the "Petitioner"), as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Goli Nutrition Inc., a company incorporated in Québec, Canada ("Goli Canada") and Goli Nutrition Inc., a company incorporated in Delaware ("Goli US," and together with Goli Canada, the "Debtors"), in Canadian proceedings (the "Canadian Proceedings") commenced under the under the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended (the "CCAA"), pending before the Superior Court in the Commercial Division in the District of Montreal (the "Canadian Court"), filed petitions (collectively, the "Chapter 15 Petitions") under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), commencing the Debtors' chapter 15 cases (collectively, the "Chapter 15 Cases") ancillary to the Canadian Proceedings, with the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on March 18, 2024, the Canadian Court issued an order (the "Initial Order") (i) appointing the Petitioner as monitor and authorizing it to act as the foreign representative of the Debtors, and (ii) granting a broad stay of proceedings in favor of the Debtors for an initial period through and including March 27, 2024 (the "Stay Period"). The Canadian Court has scheduled a hearing to consider an extension of the Stay Period and other relief for March 27, 2024 (the "Comeback Hearing").

**PLEASE TAKE FURTHER NOTICE** that the Petitioner has filed the *Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request*

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

*for Related Relief* (the "Verified Petition"), requesting that the Court enter an order (the "Recognition Order"), (a) granting recognition of the Canadian Proceedings as foreign main proceedings, or, in the alternative, as foreign nonmain proceedings, under section 1517 of the Bankruptcy Code, and (b) enforcing the Initial Order on a permanent basis in the United States and (c) granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that by Order dated March _, 2024, the Chapter 15 Cases are being jointly administered for procedural purposes only and all pleadings filed in the Chapter 15 Cases should bear the above-referenced caption.

**PLEASE TAKE FURTHER NOTICE** that on March _, 2024, the Court entered an order (the "Provisional Relief Order"), on an interim basis, (a) enforcing the Initial Order and (b) applying sections 362 and 365(e) of the Bankruptcy Code to stay any and all collection and enforcement actions by creditors, lessors and any other parties against the Debtors and their assets in the United States.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have made applications in the Canadian Court for (i) a reverse vesting order (the "RVO") approving a transaction, pursuant to which a purchaser will subscribe for new shares in Goli Canada and effectively acquire 100% of the equity interest in Goli Canada and become the sole shareholder of Goli Canada and its subsidiaries, and (ii) an order (the "Atos Sale Order") approving the terms of a second and separate transaction to implement the liquidation of certain assets of Goli Canada located in the United States. The Canadian Court has scheduled a hearing to consider the Debtors' request for the RVO and the Atos Sale Order for _____.

**PLEASE TAKE FURTHER NOTICE that the RVO provides, among other things, that the following (i) Goli Canada and certain of its directors and officers; and (ii) the Purchaser and its present and former directors, officers, employees, shareholders, legal counsel and advisors (collectively the "Released Parties") shall be released from any and all present and future claims based upon any fact or matter of occurrence related to the RVO or the Debtors, their assets, business or affairs or administration of the Debtors, subject to certain limited exceptions, including any claims against the directors or officers of Goli Canada that: (i) relates to contractual rights of one or more creditors; or (ii) is based on allegations of misrepresentations made by directors to creditors or of wrongful or oppressive conduct by directors.**

**PLEASE TAKE FURTHER NOTICE that the Atos Sale Order contains certain indemnification provisions and limitations of liability in favor of the Agent in connection with its performance under the Agency Agreement.**

**PLEASE TAKE FURTHER NOTICE** that the Petitioner has filed the *Petitioners' Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "Sale Motion").

**PLEASE TAKE FURTHER NOTICE** that, by the Sale Motion, the Petitioner is seeking an order, among other things, recognizing and enforcing the RVO and the Atos Sale Order in the U.S., including the releases and limitations of liability contained therein.

**PLEASE TAKE FURTHER NOTICE** that copies of the Chapter 15 Petitions, the Sale Motion, the Initial Order, the Provisional Relief Order, and certain other papers filed contemporaneously therewith in the Canadian Proceedings and/or the Chapter 15 Cases, including the Verified Petition, are available (i) by contacting counsel to the Petitioner, Andrew Rosenblatt, at Norton Rose Fulbright US LLP at (212) 408-5100 or ~~andrew.rosenblatt@nortonrosefulbright.com or~~ andrew.rosenblatt@nortonrosefulbright.com, (ii) by accessing the Petitioner's website http://www.insolvencies.deloitte.ca/goli, or (iii) on the Court's website at www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that the Court has (i) scheduled a hearing (the "Recognition Hearing") to consider the Chapter 15 Petitions and the Sale Motion for _____, ___ 2024 at __:__ __.m.(prevailing Eastern Time) before the Honorable _____ at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, __Floor, Courtroom No. ___, Wilmington, Delaware 19801, and (ii) established on or before 4:00 p.m. (prevailing Eastern Time) on _____, ____ 2024, (the "Objection Deadline") as the deadline to object to the Chapter 15 Petitions and/or the Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Chapter 15 Petitions or the Sale Motion shall be (i) made in writing, describe the basis therefore, and indicate the nature and extent of the respondent's interests in the Debtors' Chapter 15 Cases, (ii) filed with the Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (iii) served upon Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019 (Attn: Andrew Rosenblatt) and Landis Rath & Cobb LLP, 919 Market Street, Ste. 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire) on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest in the Chapter 15 Cases that are opposed to the Chapter 15 Petitions or the Sale Motion must appear at the Recognition Hearing, which hearing may be adjourned from time to time without further notice except for an in-Court announcement at the Recognition Hearing or a filing by the Petitioner on the docket of the Chapter 15 Cases of the date and time to which the Recognition Hearing has been adjourned.

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES OR OBJECTIONS ARE RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE PETITIONER AND ENTER THE RECOGNITION ORDER AND/OR AN ORDER APPROVING THE SALE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

[*Signature Page to Follow*]

Dated: March __, 2024
       Wilmington, Delaware

**LANDIS RATH & COBB**

_____
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: mcguire@lrclaw.com

-and-

**NORTON ROSE FULBRIGHT US LLP**
Andrew Rosenblatt (*pro hac vice* pending)
Francisco Vazquez (*pro hac vice* pending)
Michael Berthiaume (*pro hac vice* pending)
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
Email: andrew.rosenblatt@nortonrosefulbright.com
francisco.vazquez@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

*Counsel to the Petitioner*

**Exhibit B**

Sale Transactions Notice

| | |
|---|---|
| **CANADA** <br> **PROVINCE OF QUÉBEC** <br> **DISTRICT OF MONTRÉAL** <br><br> No.:  500-11-063787-242 | **SUPERIOR COURT** <br> (Commercial Division) <br><br> (Sitting as a court designated pursuant to the *Companies' Creditors Arrangement Act*, RSC 1985, c. C-36) <br><br> **IN THE MATTER OF THE COMPROMISE OR ARRANGEMENT OF:** <br><br> **GOLI NUTRITION INC.** <br><br> -and- <br><br> **GOLI NUTRITION INC.** <br><br> Debtors-Applicants <br><br> **DELOITTE RESTRUCTURING INC.** <br><br> Monitor |

**NOTICE TO STAKEHOLDERS**

## Commencement of CCAA Proceedings

On March 18, 2024, on application (the **Initial Application**) of Goli Nutrition Inc., a company incorporated under the laws of Canada (**Goli Canada**), and Goli Nutrition Inc., a company incorporated under the laws of Delaware (**Goli US** and together with Goli Canada, the **Debtors**), the Superior Court of Québec (Commercial Division) in Montreal, Quebec, Canada (the **Canadian Court**) rendered an initial order (the **Initial Order**) pursuant to the *Companies' Creditors Arrangement Act* (Canada) (the **CCAA**) in respect of each of the Debtors (the **CCAA Proceedings**). Pursuant to the Initial Order, *inter alia*, Deloitte Restructuring Inc. (the **Monitor**) was appointed to monitor the business and financial affairs of the Debtors in accordance with the CCAA and all proceedings against the Debtors and their property were stayed until March 27, 2024 (the **Stay of Proceedings**). For clarity, the Debtors are not "bankrupt" and continue to operate in the ordinary course of business, subject to the Initial Order, as amended, and the CCAA. A complete copy of the Initial Order is attached to this notice.

## Commencement of Chapter 15 Cases

Pursuant to the Initial Order, the Monitor was also authorized to act as the "foreign representative" of the Debtors for purposes of seeking protection and assistance from courts outside Canada in connection with the CCAA Proceedings. In its capacity as foreign representative, on March 19, 2024, the Monitor commenced cases for each of the Debtors in the United States Bankruptcy Court for the District of Delaware by the filing of a petition for recognition of the CCAA Proceedings under section 1515 of the United States Bankruptcy Code (the **Chapter 15 Cases**).  Enclosed herewith is a separate notice providing information about the Chapter 15 Cases, including relief that has been entered in the cases, as well as

upcoming hearing dates and related deadlines.

**Transactions being submitted for approval and hearing details**

A hearing before the Canadian Court (the **Transaction Approval Hearing**) to consider the approval of two transactions involving the Debtors' business and assets (as summarily described below, the **Proposed Transactions**) shall take place **no earlier than April 2, 2024** at the Montreal Courthouse located at 1 Notre-Dame East Street, Montreal, Quebec, Canada **on a date, at a time and in a room to be determined by the Canadian Court**. The Monitor will post the details for the Transaction Approval Hearing once they are available on its website at: www.insolvencies.deloitte.ca/goli. These details are expected to be available by March 27, 2024.

At the Transaction Approval Hearing, the Debtors will seek orders approving and in connection with the Proposed Transactions, which can be summarily described as follows:

- **The Principal Transaction:** an acquisition of substantially all of Goli Canada's business and assets, except the Equipment (as defined below), by a purchaser group, which includes one of the Debtors' founders. The Principal Transaction contemplates the continuation of the Debtors' business as a going concern.

  The Principal Transaction is proposed to be implemented in accordance with a Subscription Agreement entered into on March 15, 2024, between Goli Canada and the purchaser group, pursuant to which a newly constituted entity will subscribe for new shares in Goli Canada and effectively acquire 100% of the equity interest therein. The Subscription Agreement is intended to be approved pursuant to a reverse vesting order (**RVO**) and thereafter recognized and enforced in the United States in the Chapter 15 Case. Certain excluded assets as well as certain contracts and liabilities of Goli Canada (Excluded Contracts and Liabilities) will be vested out of Goli Canada and transferred to a "Residual Co." as part of the contemplated RVO structure. All liabilities and contracts that are not Excluded Contracts and Liabilities will be retained by Goli Canada. A copy of the RVO relating to the approval of the Subscription Agreement has been filed as Exhibit P-22 to the Initial Application and is available on the Monitor's website.

- **The Equipment Transaction:** the sale of certain manufacturing equipment owned by Goli Canada and located in a facility in Norco, California (the **Equipment**) to be conducted by a liquidator.

  The Equipment Transaction is proposed to be implemented in accordance with an Agency Agreement entered into on March 15, 2024, between Goli Canada and the liquidator, pursuant to which the Equipment will be marketed and sold free and clear of any encumbrances to one or more purchasers and the proceeds will be remitted to Goli Canada's secured creditors. A copy of the Liquidation Order relating to the approval of the Agency Agreement has been filed as Exhibit P-23 to the Initial Application and is available on the Monitor's website.

Any party wishing to make representations at the Transaction Approval Hearing can appear in person at the address identified above or by videoconference via Teams. The permanent

Teams links for all rooms at the Montreal Courthouse can be accessed at the following link: https://bit.ly/3PsEAey. Any person appearing at the Transaction Approval Hearing must respect the applicable rules of representation, which require, *inter alia,* that corporations be represented by an attorney entitled to make representations before the Canadian Court.

**Comeback Hearing on the Initial Application**

A comeback hearing on the Initial Application (the **Comeback Hearing**) has also been scheduled before the Canadian Court for **March 27, 2024 at 9:30 a.m. in room 16.11 of the Montreal Courthouse** located at 1 Notre-Dame East Street, Montreal, Quebec, Canada.

At the Comeback Hearing, the Debtors intend to seek, in particular, the following relief: (i) an extension of the Stay of Proceedings until June 28, 2024; and (ii) an amendment and restatement of the Initial Order.

Any party wishing to make representations on the Initial Order or on the relief to be sought at the Comeback Hearing can appear in person at the address identified above or by videoconference via Teams. The permanent Teams links for all rooms at the Montreal Courthouse can be accessed at the following link: https://bit.ly/3PsEAey. Any person appearing at the Comeback Hearing must respect the applicable rules of representation, which require, *inter alia,* that corporations be represented by an attorney entitled to make representations before the Canadian Court.

**Additional Documents and Information**

Complete copies of the proceedings and other documents filed in the CCAA Proceedings and the Chapter 15 Cases are available on the Monitor's website at www.insolvencies.deloitte.ca/goli.

Please note that certain exhibits and documents are the object of sealing orders rendered by the Canadian Court, as provided for in the Initial Order.

Please also note that no claims process in respect of the Debtors or their assets is currently contemplated and creditors are not required to file proofs of claim.

If you are unable to access the Monitor's website, wish to be added to the Service List in the CCAA Proceedings, or have any other inquiries, a representative of the Monitor can be reached at goliccaa@deloitte.ca.

Document comparison by Workshare Compare on Thursday, March 21, 2024 1:25:16 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://uswork.ad.adsinternal.com/US2016/139522622/1 |
| Description | #139522622v1<uswork.ad.adsinternal.com> - Goli - Notice Order |
| Document 2 ID | iManage://uswork.ad.adsinternal.com/US2016/139522622/5 |
| Description | #139522622v5<uswork.ad.adsinternal.com> - Goli - Notice Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 95 |
| Deletions | 27 |
| Moved from | 1 |
| Moved to | 1 |
| Style changes | 0 |
| Format changes | 0 |

| Total changes | 124 |
|---|---|