IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Canadian Overseas Petroleum Limited, *et al.*,[1]<br><br>Debtors in a foreign proceeding. | Chapter 15<br><br>Case No. 24-10376 (JTD)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 8** |

**ORDER (I) RECOGNIZING CANADIAN PROCEEDING AS
A FOREIGN MAIN PROCEEDING AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Foreign Representative for Entry of an Order (I) Recognizing Canadian Proceeding as a Foreign Main Proceeding and (II) Granting Related Relief* (the "Motion"),[2] and the Chapter 15 Petition filed by the Foreign Representative of the Debtors, in connection with the Canadian Proceedings under the CCAA, pending before the Canadian Court for entry of this order (this "Order"), and upon consideration of *Memorandum of Law in Support of the Motion of the Foreign Representative for Entry of an Order (I) Recognizing Canadian Proceeding as a Foreign Main Proceeding and (II) Granting Related Relief* (the "Memorandum of Law"), the Kravitz Declaration, the Rosenblat Declaration, and all documents attached to the Kravitz Declaration and the Rosenblat Declaration (the "Petition and Relief Documents"), and upon consideration of any responses or oppositions that may have been filed to the Motion and Chapter 15 Petition, and after due and sufficient notice of and hearing on the Motion,

---

[1] The Debtors in these chapter 15 proceedings, together with the last four digits of their business identification numbers are: Canadian Overseas Petroleum Limited (8749); COPL Technical Services Limited. (1656); Canadian Overseas Petroleum (Ontario) Limited (8319); Canadian Overseas Petroleum (UK) Limited (7063); Canadian Overseas Petroleum (Bermuda Holdings) Limited (N/A); Canadian Overseas Petroleum (Bermuda) Limited (N/A); COPL America Holding Inc. (1334); COPL America Inc. (9018); Atomic Oil and Gas LLC (8233); Southwestern Production Corporation (8694); and Pipeco LLC (XXXX). The location of the Debtors' headquarters and the Debtors' duly appointed foreign representative is 715 5 Avenue SW, Suite 3200, Calgary, Alberta T2P 2X6, Canada.

[2] Capitalized Terms used, but otherwise defined herein shall have the meaning given to them in the Motion or the Memorandum of Law (defined below), as applicable.

11355839v.7

**THE COURT FINDS AND CONCLUDES AS FOLLOWS**:

a. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334;

b. This is a core proceeding under 28 U.S.C. § 157(b)(2);

c. Venue is proper in this district under 28 U.S.C. § 1410;

d. Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of or hearing on the Motion is necessary or required;

e. These Chapter 15 Cases were properly commenced in accordance with 11 U.S.C. § 1504;

f. The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515;

g. The Foreign Representative is a "person" within the meaning of 11 U.S.C. §101(41) and is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2);

h. The Canadian Proceedings are foreign proceedings under 11 U.S.C. § 101(23);

i. The Canadian Proceedings are pending in Canada, which is the location of the Debtors' center of main interests, and, therefore, the Canadian Proceedings are "foreign main proceedings" under 11 U.S.C. § 1502(4);

j. The Canadian Proceedings are entitled to recognition as foreign main proceedings because they meet the requirements of 11 U.S.C. § 1517;

k. Recognition of the Canadian Proceedings as foreign main proceedings is not contrary to the public policy of the United States;

l. The Foreign Representative and the Debtors are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation;

  m. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Debtors and the interests of its creditors; and

  n. All creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. § 1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as provided in this Order.

2. The Canadian Proceedings are hereby recognized as foreign main proceedings in accordance with 11 U.S.C. § 1517 and given its full force and effect.

3. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of the Chapter 15 Cases or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362.

4. The relief granted in the prior paragraph shall specifically include, but not be limited to, the following provisions:

  i. No person or entity may (a) commence or continue any legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative, or regulatory proceeding or arbitration) or action against the Debtors, their assets located in the United States, or the proceeds thereof; (b) enforce any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtors; (c) commence or continue any legal proceeding or action to create, perfect, or enforce any lien, setoff, or other claim against the Debtors or against any of their assets located in the United States or the proceeds thereof; and (d) exercise any control over

        the Debtors' assets located in the United States except as authorized by the Debtors in writing.

    ii.    The Foreign Representative is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States during these Chapter 15 Cases. No action taken during these Chapter 15 Cases by the Foreign Representative, or its agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceedings, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded such person under 11 U.S.C. §§ 306 or 1510.

5.    The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of the estate.

6.    The right to transfer, encumber, or otherwise dispose of the Debtors' assets absent the express written consent of the Debtors is hereby suspended.

7.    The Foreign Representative is entrusted with the right to operate the Debtors' business, exercise the rights and power of a trustee, and is entitled to administer and realize all or part of the Debtors' assets within the territorial jurisdiction of the United States.

8.    Nothing in this Order shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent set forth in sections 362(b) and 1521(d) of the Bankruptcy Code.

9. Notice of this Order shall be served in accordance with this Court's *Order (A) Scheduling Hearing on Recognition of Chapter 15 Petition, (B) Specifying Form and Manner of Service of Notice, and (C) Authorizing Redaction of Certain Personally Identifiable Information of Individual Stakeholders* (the "Notice Procedures Order"). Service in accordance with this order and the Notice Procedures Order constitutes adequate and sufficient service and notice for all purposes.

10. The Petition and Relief Documents shall be made available by the Foreign Representative upon request in writing to its counsel, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com); L. Katherine Good, Esq. (kgood@potteranderson.com); and Gregory J. Flasser, Esq. (gflasser@potteranderson.com)).

11. Notwithstanding any provision in the Bankruptcy Rules to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Chapter 15 Petition, or the implementation of this Order.

Dated: April 8th, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE

11355839v.7