# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 15 |
| GOLI NUTRITION INC., *et al.*,[1] | Case No. 24-10438 (LSS) |
|  | Jointly Administered |
| Debtors in a Foreign Proceeding. | Ref Nos. 1, 5, 8 & 45 |

### SUPPLEMENTAL DECLARATION OF NOAH ZUCKER IN SUPPORT OF (A) PETITIONER'S VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF THE CANADIAN PROCEEDINGS AND REQUEST FOR RELATED RELIEF, (B) MOTION FOR PROVISIONAL RELIEF, AND (C) MOTION FOR ORDER ENFORCING CCAA VESTING ORDERS

I, Noah Zucker, to the best of my information and belief, state as follows:

1. I am over the age of 18 and, except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my opinion based upon my experience and knowledge of the Debtors' operations and financial condition according to the information provided to me in that respect, my review of relevant documents (including the petition for recognition) or other information supplied to me. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this declaration.

2. This declaration contains statements of legal opinion and statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements are based upon my experience as a practicing lawyer admitted and licensed to practice in the Province of Québec, Canada.

---

[1] The Debtors in these Chapter 15 cases, are: Goli Nutrition, Inc. (Goli Canada) and the last 4 digits of its Canadian business number is 0002; and Goli Nutrition, Inc. (Goli US) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada.

CAN_DMS: \1004570364

3. I am a Senior Associate of the Canadian law firm of Norton Rose Fulbright Canada LLP, 1 Place Ville-Marie, Montréal, Quebec, Canada, H3B 1R1, Suite 2500. Norton Rose Fulbright Canada LLP is Canadian counsel to Deloitte Restructuring Inc., as the court-appointed monitor (the "Monitor") in the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended ("CCAA") proceedings of the Debtors (the "Canadian Proceedings").

4. I submit this supplemental declaration in support of (A) *Petitioner's Verified Petition under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* (together with the form petitions filed concurrently therewith, the "Verified Petition"),[2] and (B) the *Petitioner's Supplement in Support of Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief* (the "Supplement").[3]

**Professional Background and Qualifications**

5. I attended Université de Montréal where I graduated with a Bachelor of Law (LL.B) degree (Civil Law) and a Juris Doctor (J.D.) degree (Common Law) in 2013. I was admitted to the Quebec Bar in 2013.

6. I have extensive experience in the field of Canadian insolvency and restructuring law. Insolvency matters in which I have been involved include, among others, the Canadian Proceedings of: (i) Groupe Sélection Inc., (ii) Forex Inc., (iii) BlackRock Metals Inc., (iv) Aldo Group Inc., and (iv) Groupe Dynamite Inc. I have experience acting for debtor

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.
[3] Attached hereto as **Exhibit A** are copies of the Canadian cases cited and relied upon in the Supplement.

companies, court-appointed officers (monitors, trustees and receivers), secured and unsecured creditors and other stakeholders.

7. My expertise in Canadian insolvency and restructuring law was recently recognized in *The Best Lawyers in Canada* 2024 in the areas of Insolvency and Financial Restructuring Law and Banking and Finance Law.

### The Debtors' Canadian Proceedings

8. On March 15, 2024, Goli Canada and its wholly owned subsidiary, Goli US, filed an application (the "CCAA Initial Application") with the Superior Court of Québec, sitting in the Commercial Division for the district of Montréal as the designated court pursuant to the CCAA (the "Canadian Court"), seeking the entry of an initial order (the "Initial Order").

9. In accordance with the CCAA and the procedures of the Canadian Proceedings, notice of the CCAA Initial Application was served upon a limited subset of parties. Additionally, all documents, relevant pleadings, and notices of hearings are available at the website of the Petitioner, www.insolvencies.deloitte.ca/goli.

10. On or around March 22, 2024, the Canadian Court set a hearing to consider the Goli RVO and the Agency Agreement for April 9, 2024.

11. On March 25 and 26, 2024, the Petitioner served the Notice Package upon the Notice Parties. *Declaration of Service* [Docket No. 48]. As stated in the *Notice to Stakeholders*, in addition to the Notice Package, all documents, relevant pleadings, and notices of hearings are available at the website of the Petitioner, www.insolvencies.deloitte.ca/goli.

12. Following service of the Notice Package, on April 3, 2024, the Petitioner filed the Subscription Agreement and the Agency Agreement in completely unredacted form. [Docket No. 50]. The Petitioner contemporaneously posted the unredacted Subscription

Agreement and Agency Agreement on the Petitioner's public website. Following filing of the unredacted agreements, on April 10, 2024, the Petitioner served the unredacted Subscription Agreement and unredacted Agency Agreement on all Notice Parties by United States or Canadian Mail, via either two-day courier service or first class postage prepaid. The service of the Notice Package and subsequent service of unredacted versions of the Subscription Agreement and Agency Agreement was much broader than the service required under the CCAA.

13. In this case, notice of the Sale Transactions has exceeded the notice that is generally required by the CCAA. In general, creditors will be provided with notice and an opportunity to retain counsel, to appear, to raise objections, and to appeal with respect to matters raised in a CCAA proceeding. All creditors of the Debtors, including creditors located in the U.S., are generally afforded the same protections, and are subject to the same procedures and requirements, in the Canadian Proceedings. Section 36 of the CCAA allows for the sale or disposition of assets outside of the ordinary course of business if specified criteria are met, and if notice has been given "to the secured creditors who are likely to be affected by the proposed sale or disposition." CCAA, s. 36(3).

### Reverse Vesting Transaction

14. On April 8, 2024, the Monitor filed its *Second Report to the Court Submitted by Deloitte Restructuring, Inc. in its Capacity as Monitor* ("Second Report").[4]

15. On April 9, 2024, the Canadian Court entered the *Approval and Reverse Vesting Order* ("Goli RVO").[5]

16. Under the CCAA, a Court may approve the sale of a debtor's assets, including in the absence of a plan of arrangement. In seeking approval of an RVO, a debtor must

---

[4] Attached hereto as **Exhibit B** is a true and correct copy of the Second Report.
[5] Attached hereto as **Exhibit C** is a true and correct copy of the Goli RVO.

demonstrate that the sale transaction meets the requirements of Section 36 of the CCAA. The principles articulated in the seminal case, *Soundair* [1991] OJ No 1137 (QL), have also been held to be relevant to the approval of an RVO.  A sale under the CCAA cannot be approved unless specified criteria are met and appropriate notice has been given.  Creditors and parties in interest are afforded the opportunity to object at the RVO approval hearing.

17. By its scheme and the requirements under the CCAA, the Canadian Proceeding generally ensures the fair treatment of all holders of claims against interests in the Debtors' estate. Creditors in the U.S. are being treated the same as creditors in Canada and elsewhere.  A distribution scheme similar to that of the Bankruptcy Code is generally applied to distribute the proceeds of sale transactions approved under the CCAA

18. Moreover, the releases contained in the Goli RVO are consistent with releases granted by Canadian courts in similar CCAA proceedings.  Ultimately, the concerns of certain parties that objected to the releases in the Goli RVO were resolved given the carve-outs accepted by the Debtors and other material limitations established by the CCAA and reflected in the terms of the releases, as approved by the Canadian Court.

## Conclusion

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

*[Signature Page to Follow]*

Executed on this 11th day of April, 2024.

Montréal, Quebec


<u>/s/ Noah Zucker</u>
Noah Zucker
Norton Rose Fulbright Canada LLP
1 Place Ville-Marie
Montréal, Quebec
Canada
H3B 1R1
Suite 2500