# **<u>EXHIBIT B</u>**

{1431.001-W0075481.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ------------------------------------------------------------ x <br> In re: <br> GOLI NUTRITION INC., *et al.*,[1] <br>               Debtors in a Foreign Proceeding. <br> ------------------------------------------------------------ x | Chapter 15 <br><br> Case No. 24~~——~~-10438 <br> (~~——~~LSS) <br><br> Jointly ~~Administration Requested~~Administered <br><br> **Ref. Nos. 1 & 2** |

**FINAL ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDINGS AND CERTAIN RELATED RELIEF**

This matter came before the Court upon the *Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief* (the "Verified Petition")[2] of Deloitte Restructuring Inc. (the "Petitioner"), in its capacity as the court-appointed monitor of the above captioned debtors (collectively, the "Debtors") in insolvency proceedings (the "Canadian Proceedings") commenced under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") pending before the Superior Court, sitting in the Commercial Division for the district of Montréal (the "Canadian Court") and as the duly authorized foreign representative as defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Verified Petition and the relief requested therein in accordance with sections 157 and 1334 of title 28 of the United States Code, sections 109 and 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. De la Côte-Vertu, suite 200, Montreal, Québec, Canada

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

dated as of February 29, 2012 (the "Amended Standing Order"); and consideration of the Verified Petition and the relief requested therein being a core proceeding pursuant to section 157(b) of title 28 of the United States Code; and due and proper notice of the relief sought in the Verified Petition having been provided; and it appearing that no other or further notice need be provided; and the Court having entered the *Order Granting Provisional Relief Pursuant to Bankruptcy Code Section 1519* [Docket No. 31] ("Provisional Relief Order") on March ~~—~~22, 2024; and a hearing having been held to consider the relief requested in the Verified Petition (the "Hearing") on a final basis; and the appearances of all interested parties having been noted in the record of the Hearing; and the Court having considered, among other things, (i) the Verified Petition, (ii) the *Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, and (B) Motion for Provisional Relief and (C) Motion for Order Enforcing CCAA Vesting Orders* [Docket No. 6], and (iii) the *Supplemental Declaration of Noah Zucker in Support of (A) Petitioner's Verified Petition Under Chapter 15 for Recognition of the Canadian Proceedings and Request for Related Relief, (B) Motion for Provisional Relief, and (C) Motion for Order Enforcing CCAA Vesting Orders* [Docket No. 56] (collectively, the "Chapter 15 Papers"), (~~iii~~iv) the record of the Hearing, and (~~iv~~v) all of the proceedings before the Court in these Chapter 15 cases; and the Court having found and determined that the relief sought in the Verified Petition is in the best interests of the Debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Chapter 15 Papers and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

    A.    The findings and conclusions set forth herein constitute this Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052 made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order.

C. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

D. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

E. On March 19, 2024, these Chapter 15 cases were commenced by the Petitioner's filing of a voluntary *Chapter 15 Petition for Recognition of a Foreign Proceeding* for each Debtor contemporaneously with the filing of the Verified Petition. Attached to the Verified Petition is ~~an~~a copy of the order (the "Initial Order") of the Canadian Court entered in the Canadian Proceedings appointing the Petitioner as Monitor and foreign representative of the Debtors and granting additional relief.

F. Each of the Canadian Proceedings is a "foreign proceeding" as defined by section 101(23) of the Bankruptcy Code.

G. The Petitioner is the duly appointed "foreign representative" of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

H. These Chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

I. The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy

Code and Bankruptcy Rule 2002(q).

J.    Each of the Canadian Proceedings is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

K.    Canada is the center of main interests of each of the Debtors, and accordingly, each of the Canadian Proceedings is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(l) of the Bankruptcy Code.

L.    The Petitioner is entitled to all the relief available pursuant to section 1520 of the Bankruptcy Code, including, without limitation, application of the automatic stay pursuant to section 362 of the Bankruptcy Code and application of section 365(e) of the Bankruptcy Code.

M.    The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    The Verified Petition is granted as to each of the Debtors as set forth herein.

2.    Each of the Canadian Proceedings in respect of the Debtors is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3.    The Amended and Restated Initial Order ~~is~~issued by the Canadian Court on April 11, 2024, a copy of which is annexed hereto as Exhibit 1, and the provisions thereof are hereby extended comity and enforced on a final basis and given full force and effect in the United States~~, including, without limitation, the stay of proceedings to the extent set forth in the Initial Order~~.

4.    All relief afforded to foreign main proceedings pursuant to section 1520 of the

Bankruptcy Code is hereby granted to each of the Canadian Proceedings, each of the Debtors, and the Petitioner, as applicable.

5. Section 362 of the Bankruptcy Code shall hereby apply with respect to each of the Debtors and their respective property that is within the territorial jurisdiction of the United States.

6. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Petitioner and its authorized representatives and/or agents are hereby enjoined from, without limitation:

(a) enforcing any rights or obligations or otherwise executing against any of the Debtors' assets or other properties;

(b) commencing or continuing, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

(c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

(d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioner or the Debtors;

(e) enforcing, commencing, or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities; and

(f) terminating any agreements, leases, contracts, or understandings, or otherwise enforcing rights, accelerating obligations, or exercising remedies of any kind in respect thereof.

7. Subject to sections 1520 and 1521 of the Bankruptcy Code, the Canadian Proceedings, ~~and the Initial Order, and the transactions consummated or to be consummated thereunder,~~ shall be granted comity and given full force and effect in the United States to the same extent as in Canada, and each is binding on all creditors of the Debtors and any of their

successors and assigns.

8. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtors or the Petitioner by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Relief Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

9. Notwithstanding any applicable Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Verified Petition.

11. The Petitioner, the Debtors, and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief, any adversary proceeding brought in and through these Chapter 15 cases, and any request by an entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

Dated: _____ April __, 2024
      Wilmington, Delaware

_____
Honorable _____Laurie Selber Silverstein
United States Bankruptcy Judge