# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GOLI NUTRITION, INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10438 (LSS)<br><br>(Jointly Administered)<br><br>**Dkt. Nos. 7, 8** |

## ORDER RECOGNIZING AND ENFORCING THE RVO AND RELATED RELIEF

This matter is before the Court on the Petitioner's Motion for Entry of an Order (I) Recognizing and Enforcing the RVO and the Atos Sale Order, (II) Approving the Sale Transactions Free and Clear of Liens, Claims, and Encumbrances, and (III) Granting Related Relief (Dkt. Nos. 7, 8) ("Motion"). In support of the Motion, Petitioner filed three declarations (Dkt. Nos. 6, 56, 67) and a Supplement in Support (Dkt. No. 53). The Court held a hearing on April 15, 2023.

The Court hereby finds as follows:

A.  The Court entered the Recognition Order (Dkt. No. 85) on April 18, 2024. The Recognition Order shall continue in effect in all respects except to the extent this Order directly modifies or directly contradicts the Recognition Order.

B.  On April 9, 2024 (as rectified on April 17, 2024), the Canadian Court[2] entered the Approval and Reverse Vesting Order.

---

[1] The Debtors in these Chapter 15 cases, are: Goli Canada (as defined herein) and the last 4 digits of its Canadian business number is 0002; and Goli US (as defined herein) and the last 4 digits of its federal tax identification number is 2655. The Debtors are collectively managed from their corporate headquarters which are located at 2205 Boul. Dela Côte-Vertu, suite 200, Montreal, Québec, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

C. Based on the affidavits of service filed with, and the representations made to, this Court: (i) notice of the Motion and the Hearing was proper, timely, adequate and sufficient under the circumstances of these Chapter 15 cases and complied with the various applicable requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (ii) no other or further notice of the Motion or the Hearing is necessary.

D. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

E. The relief granted promotes international comity and is warranted pursuant to section 1521 of the Bankruptcy Code and will not, when not objected to by any party, cause any hardship to any party in interest that is not outweighed by the benefits of granting that relief.

F. Based on the information in the Motion and related filings and the record made at the Hearing, the RVO transaction, which involves a Canadian corporation issuing and redeeming Canadian shares should be administered in the Canadian Proceedings, provided however, that this Court must rule on the ownership issue related to the Atos Equipment pursuant to section 1520(a)(2) of the Bankruptcy Code.

G. With respect to the Atos Equipment, the transfer from Goli Canada to Residual Co. is permissible because it will be subject to all liens and claims and the ownership dispute raised by the Hoffman Parties and is part of the RVO transaction.

H. The interests of the Debtors' creditors in the United States are sufficiently protected. The relief granted herein is appropriate, in the interest of international comity and warranted pursuant to sections 1521(b) and 1522 of the Bankruptcy Code.

**WHEREFORE, for the reasons enunciated in my Bench Ruling of April 18, 2024,[3] IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.[4]

2. All objections, if any, to the Motion or the relief requested that have not been withdrawn, waived, or settled by stipulation filed with the Court and all reservations of rights included therein, are hereby overruled on the merits.

3. The RVO, a copy of which is annexed hereto as Exhibit 1, and all of its respective terms, including any immaterial or administrative amendments thereto, including those necessary to give effect to the substance of such order, either pursuant to the terms therein or as approved by the Canadian Court, are fully recognized, enforced, and given full force and effect in the United States in their entirety.

4. The terms and provisions of the Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Purchaser, the Petitioner, the Debtors' creditors, and all other parties in interest, and any successors of the Debtors, the Purchaser, the Petitioner, and the Debtors' creditors, including any foreign representative(s) of the Debtors, trustee(s), examiner(s), or receiver(s) appointed in any proceeding, including, without limitation, and proceeding under any chapter of the Bankruptcy Code, the CCAA, or any other law, and all such terms and provisions shall likewise be binding on such foreign representative(s), trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, their creditors, or trustee(s), examiner(s), or receiver(s).

---

[3] The Bench Ruling will be cleaned up and filed on the docket of this case.

[4] The recognition of the Liquidation Order with respect to the Agency Agreement and the ultimate sale of the Atos Equipment will be the subject of a separate Order.

5.  To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the Debtors' operations on account of the filing or pendency of these Chapter 15 Cases or the consummation of the Sale.

6.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

7.  All persons are prohibited form taking any action within the territorial jurisdiction of the United States that is inconsistent with or interferes with the enforcement and implementation of the RVO.

8.  The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.  Once the Principal Transaction has closed, the Petitioner may file the Certificate evidencing the closing with the Court together with a form of Order closing the Goli Canada case. Once the Order is signed, the Chapter 15 case of Goli Canada shall be deemed fully administered and will be closed, subject to the rights of any interested party to request an order reopening the case under section 350(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 5010 and the applicable Local Bankruptcy Rules.

10. Once the Chapter 15 case of Goli Canada is closed, the Chapter 15 case of Goli US shall no longer be jointly administered and shall proceed under Case No. 24-10439 (LSS).

11. If Residual Co. or any other residual company seeks any relief from this court, it must file its own chapter 15 case and seek appropriate relief.

12. Pursuant to section 1520(a)(2) of the Bankruptcy Code, the transfer of the Atos Equipment (subject to all liens and claims) from Goli Canada to Residual Co. as one part of the Principal Transaction is approved.

13. Notwithstanding anything herein, this Order shall not release or discharge any rights or claims that the Hoffman Parties may have against Residual Co. or any of the Excluded Assets located in the Norco Facility, if any, and any such rights or claims, if any, as against any of the Excluded Assets located in the Norco Facility shall attach to the Excluded Assets located in the Norco Facility following their transfer to Residual Co. with the same nature and priority as they had immediately prior to such transfer.

14. Notwithstanding any provisions in the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the Debtors, the Petitioner, and the Purchaser, are authorized, each in its discretion, in accordance with the RVO, to close the transactions contemplated by the RVO immediately upon entry of this Order.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and the RVO within the territorial jurisdiction of the United States.

Dated: April 22, 2024

Laurie Selber Silverstein
United States Bankruptcy Judge